## Antol License

*Samuel J. Halpren*, for appellant.

*Richard P. Klein*, for Commonwealth.

RILEY, J., December 1, 1966.—A hearing was held

before us upon the appeal of Thomas J. Antol from suspension of his operator's license by the Secretary of Revenue for a period of six months upon conviction of a charge of reckless driving causing a collision, said Thomas J. Antol being under 18 years of age. The following facts were presented on behalf of the Commonwealth.

Appellant was operating a motor vehicle in the City of Coatesville in a line of traffic. As he approached an intersection, his attention was distracted by a person on the street calling to him. As he turned back to the road ahead, the car immediately in front of his had stopped, and he collided with the rear of that car. There were no injuries, and the estimated damage was less than $75. Appellant was fully covered by insurance. There was no testimony or evidence of speed, and appellant contends that he was operating at less than 10 miles per hour. The investigating officer filed a charge of reckless driving, and appellant sent a fine of $5 and costs to the justice of the peace. Appellant was 17 years of age at the time, and attended Scott High School in Coatesville. He is an outstanding student engaged in a number of school activities, including athletics, and is an Eagle Scout with no prior violations of any kind on his driving record.

There is no doubt that the secretary was given jurisdiction over this case under the terms of section 604.1 of The Vehicle Code of April 29, 1959, P. L. 58, as added by the Act of September 16, 1961, P. L. 1367, sec. 2, which states that the secretary "may" suspend the operating privilege until the minor has reached 18 years of age "or for any other period of time". However, under the facts and circumstances of this case, we are compelled to hold that a suspension of six months does constitute an abuse of discretion on the part of the secretary. The most that is shown by the Commonwealth's evidence is that appellant was guilty

of negligence, a moment's inattention, resulting in an accident. There is no evidence of "reckless driving", the offense for which he was charged and for which a suspension was imposed. There is not the slightest doubt but that had he been represented by counsel and an appeal taken to the court of quarter sessions, the charge of reckless driving would have been dismissed, and no suspension could have been imposed for any period of time. Appellant, unfortunately, paid his fine, which evidenced the conviction of the offense. However, the actual facts and circumstances indicate that no such offense took place, and an erroneous charge was filed by the officer.

We do, therefore, sustain the appeal to the extent of the term of suspension and return the case for reconsideration by the secretary in accord with the facts and circumstances that developed at the hearing before us. It is recommended that no suspension be imposed under these circumstances, as this accident was not caused by any reckless conduct or serious violation of The Vehicle Code, or any type of driving peculiar to a teenage operator. We must point out that under the schedule of suspensions, even for reckless driving for first offense, had appellant been 18 years of age, the maximum suspension would have been 15 days, and as above indicated, the facts do not even warrant the finding of reckless driving. There is nothing in the record to indicate that appellant, who is an outstanding young individual, should be treated differently merely because of his age.

And now, December 1, 1966, the appeal of Thomas J. Antol is sustained insofar as length of suspension is concerned, and the case is remanded to the Secretary of Revenue for reconsideration in light of the mitigating facts and circumstances presented at the hearing before this court. Costs of the appeal to be paid by defendant.